IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORNELIUS E. SMITH, <br> No. 19480-075, <br><br> Plaintiff, <br><br> vs. <br><br> JEFFERY S. WALTON, et al. <br><br> Defendants. | ) ) ) ) ) ) ) CIVIL NO. 14-cv-00978-JPG ) ) ) ) ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

On September 8, 2014, Plaintiff Cornelius E. Smith, an inmate housed at the United States Penitentiary at Marion, Illinois, filed a document captioned "Plaintiff's Motion for an Emergency Preliminary Injunction Pursuant to Federal Rule of Civil Procedure #65(a) & (b), As a Precurser to Motion for 28U.S.C. -§2241" [sic] (Doc. 1). The pleading lists a number of defendants and generally revolves around the lack of medical care Plaintiff has received since injuring his knee on June 27, 2014, and having surgery on August 1. Plaintiff requests a temporary restraining order and preliminary injunction aimed at securing appropriate medical care. He also indicates that he is in the process of fashioning an action asserting a slew of constitutional claims.[1] No filing fee or motion for leave to proceed as a pauper has been filed. The pleading suggests that Plaintiff may be in the process of exhausting available administrative remedies, pursuant to 42 U.S.C. § 19917e(a).

---

[1] It appears that Plaintiff's claims are of the sort that would be brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and/or the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, as opposed to 28 U.S.C. § 2241.

The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED.R.CIV.P. 3. In other words, "the first step in the action is the filing of the complaint." *Id.,* Advisory Committee Notes, 1937 Adoption. Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood,* 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine and Ctr., Inc. v. City of Chicago,* 431 F.3d 1065, 1069-70 (7th Cir. 2005). More to the point, the Court cannot consider an application for injunctive relief in the absence of a viable complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 1) is **DENIED** without prejudice. On or before **October 3, 2014**, Plaintiff shall file a complaint, thereby properly initiating an action. If Plaintiff still seeks injunctive relief, he must file a new motion, along with the complaint. Failure to file a proper complaint by the prescribed deadline will result in the dismissal of this action for lack of subject matter jurisdiction; such a dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g), and Plaintiff will remain obligated to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to send Plaintiff a copy of this Order, along with a blank civil rights complaint form, and Instructions for Filing a Pro Se Civil Complaint for Civil Rights Violations.

**IT IS SO ORDERED.**

**DATED: September 11, 2014**

*s/J. Phil Gilbert*
**United States District Judge**