IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CORNELIUS E. SMITH,** No. 19480-075, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL NO. 14-cv-00978-JPG |
| **JEFFERY S. WALTON, et al.** | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On September 8, 2014, Cornelius E. Smith, an inmate housed at the United States Penitentiary at Marion, Illinois, filed a document captioned "Plaintiff's Motion for an Emergency Preliminary Injunction Pursuant to Federal Rule of Civil Procedure #65(a) & (b), As a Precurser to Motion for 28U.S.C. -§2241" [sic] (Doc. 1). The action was characterized for administrative purposes as a civil rights action, not a habeas corpus action (Doc. 3). Smith was subsequently given an opportunity to file a viable amended complaint (Doc. 4). He was forewarned that failure to file a proper complaint by the prescribed deadline would result in the dismissal of this action, and that such a dismissal would count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). His amended pleading was also flawed; in fact, it became even less clear whether Smith was attempting to file a civil rights action or a habeas corpus action. Smith was given a final opportunity to file a proper pleading—civil rights or habeas corpus (Doc. 9).

Smith did not file an amended pleading of any sort by the October 15, 2014, deadline. On November 13, 2014, Smith filed a "Motion to Submit the Remainder of the Remedy(s) the

U.S. Attorney-General Mandated Grievance Procedure(s)" [sic] (Doc. 11). Although it remains unclear whether Smith desires to proceed with a civil rights action or a petition for writ of habeas corpus, he makes clear that he has not exhausted his administrative remedies. Therefore, dismissal of this action is warranted. Dismissal will be without prejudice so that when Smith has exhausted whatever administrative remedies are available and has determined what type of action he desires to pursue, he may initiate a new action.

This case was characterized as being a civil rights action, but because of its muddled nature Plaintiff will be given the benefit of the doubt in all respects. More specifically, he will not be given a "strike" under 28 U.S.C. § 1915(g). The Court will also accept the $5.00 habeas corpus filing fee that has already been paid and not demand payment of the full $400 filing fee that would normally be assessed for a civil rights action.

**IT IS THEREFORE ORDERED** this action is **DISMISSED without prejudice** for failure to comply with a court order and for failing to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 41(b); 28 U.S.C. § 1915A(b)(1). Judgment shall enter accordingly and this case will be closed.

**IT IS FURTHER ORDERED** that Smith's motion for pauper status (Doc. 7) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: December 3, 2014

*s/J. Phil Gilbert*
**United States District Judge**